DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.

**HECTOR EDUARDO GARCIA-GALLARDO,**

        **Defendant.**

**CRIMINAL ACTION**

Case No. 09-cf-20005-KHV-DJW-3

## MEMORANDUM AND ORDER

On January 7, 2009, a grand jury charged Defendant Hector Eduardo Garcia-Gallardo, as well as four other defendants, with knowingly and unlawfully combining, conspiring, and agreeing with each other, and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance.[1] This matter is before the Court on the Government's Oral Motion for Pretrial Detention of Defendant Hector Eduardo Garcia-Gallardo (doc. 10) made on December 31, 2008. On January 6, 2009, the Court held a hearing on the government's Motion. The Court has considered the Motion and the statements of counsel during the January 6, 2009 hearing before Magistrate Judge David J. Waxse, and, for the reasons set forth below, finds that the Motion should be denied and Defendant should be released subject to certain conditions to be determined at a future hearing.

## Standards for Detention

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, the court must order the

---

[1] *See* Indictment (doc. 29), 1.

pretrial release of the accused, with or without conditions, unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .."[2]  In making this determination, the court must consider several factors:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.[3]

The government has the burden to prove the risk of flight by a preponderance of the evidence.[4]  The government must prove a danger to other persons or the community by clear and convincing evidence.[5]  If the Court finds probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, then a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community.[6]  The Court must resolve all doubts regarding the propriety of release in

---

[2] 18 U.S.C. § 3142(e).

[3] *See* 18 U.S.C. § 3142(g).

[4] *See U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) (citations omitted).

[5] *See id.* (citing 18 U.S.C. § 3142(f)).

[6] *See* 18 U.S.C. § 3142(e)(3).

Defendant's favor.[7]

## Analysis

### I. Nature and Circumstances of the Offense

Defendant, along with the four other defendants, is charged with knowingly and unlawfully combining, conspiring, and agreeing with each other, and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, a controlled substance.[8] If convicted, Defendant could face a prison term of not less than 10 years and not more than life imprisonment.[9] The Court finds that there is probable cause to believe that Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Consequently, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of the community.[10]

However, the Court concludes that Defendant has sufficiently rebutted this presumption. To rebut the presumption, Defendant need only meet a burden of production by coming forward with some evidence that if released he will not flee or endanger the community.[11] The Court finds that Defendant has provided some evidence that if he is released he will not flee or endanger the

---

[7] *See U.S. v. Chavez-Rivas*, 536 F.Supp.2d 962, 965 (E.D. Wis. 2008).

[8] *See* Indictment (doc. 29), 1.

[9] *See* 21 U.S.C. § 841(b)(1)(A)(viii).

[10] *See* 18 U.S.C. § 3142(e)(3).

[11] *See U.S. v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) ("court may factor the presumption into its determination of whether the government has established that no condition or combination of conditions would reasonably assure appearance and ensure the safety of the community").

community. The Court therefore considers this factor to be neutral.

## II.     Weight of the Evidence

The Court finds that while the record contains some evidence that Defendant knowingly and unlawfully combined, conspired, and agreed with the other defendants, and with other persons, both known and unknown to the grand jury, to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, that evidence is not so overwhelming that it must weigh in favor of detention. This factor is neutral.

## III.    History and Characteristics of Defendant

It appears to the Court that Defendant is 38, is in the United States illegally, and Immigration and Customs Enforcement ("ICE") has lodged a detainer on Defendant with the U.S. Marshals Service.

Defendant has strong family ties in the United States and Mexico. Defendant's parents and four of his siblings reside in Mexico. One of Defendant's siblings resides in Las Vegas, Nevada. It appears that Defendant moved to Las Vegas, Nevada when he was 18 years old, and he has resided in Las Vegas since that time except when he was deported 13 years ago. He has resided in his current residence in Nevada since October of 2006. Defendant was married from 1993 to 2001, and has been involved in a relationship with a woman who is a citizen of Mexico for eight years. Defendant reports he has four children, all of whom are citizens of the United States. Two of his children reside with their mother in Nevada. Defendant shares his current residence in Nevada with his girlfriend, their two children, and his girlfriend's daughter.

Defendant appears to have been employed in Las Vegas, Nevada with the same company since October of 1997. A supervisor of that company states that as far as he knows, Defendant may

return to work if he is released on bond.

Defendant reports he smoked marijuana 13 years ago. Defendant was previously deported to Mexico in August of 1993.

While a defendant's status as a deportable alien alone does not mandate detention, it is a factor which weighs heavily in the risk of flight analysis.[12] The government argues that Defendant is a risk of flight because he has an ICE detainer[13] and is living in the United States illegally. The Court finds that the government has not carried its burden in this regard. While there is some risk of flight with Defendant based on his status as a deportable alien, his strong family ties to the United States and his limited criminal record suggest that conditions of release could be set to reasonably assure Defendant's presence at trial.[14]

## IV.    Danger to the Community

The Defendant has a very limited criminal history and no history of any violent crime. The government has not shown that Defendant poses any risk of danger to the community or other persons. Thus, the Court finds that this factor weighs in favor of pretrial release.

---

[12] *See Chavez-Rivas*, 536 F.Supp.2d at 964 n. 3 (citations omitted).

[13] The Court further notes that the existence of the ICE detainer is not in and of itself sufficient grounds to find that Defendant poses a flight risk. Under 8 C.F.R. § 215.2, "No alien shall depart, or attempt to depart, from the United States if his departure would be prejudicial to the interests of the United States . . . ." The departure of an "alien who is needed in the United States as . . . a party to[] any criminal case . . . pending in a court in the United States" is deemed prejudicial to the interests of the United States. 8 C.F.R. § 215.3. The departure of such a criminal defendant alien may be temporarily prevented under 8 C.F.R. § 215.3, which provides that the criminal defendant alien "may be permitted to depart from the United States *with the consent of the appropriate prosecuting authority*, unless such alien is otherwise prohibited from departing under the provisions of this part." (emphasis added).

[14] *See Chavez-Rivas*, 536 F.Supp.2d at 969 (strong family ties provide some assurance that Defendant will not flee if released to live with his family).

**Conclusion**

Having considered all relevant pleadings and the statements of counsel during the January 6, 2009 hearing, the Court finds that Defendant should be released. As set out above, under the Bail Reform Act, the Court must order the pretrial release of Defendant, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . .."[15] Based on the relevant pleadings and the statements of counsel during the hearing, the Court concludes that the government has not met its burden to show that no set of conditions of release will assure Defendant's pretrial presence and protect the community and other persons from danger.

**IT IS THEREFORE ORDERED** that the Government's Oral Motion for Pretrial Detention of Defendant Hector Eduardo Garcia-Gallardo (doc. 10) is denied. Defendant shall be released subsequent to a hearing to determine the conditions of Defendant's release.

**IT IS FURTHER ORDERED** that a hearing to set the conditions of Defendant's pretrial release shall be held on **January 16, 2009, at 11:30 a.m**.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of January 2009.

s/ David J. Waxse<br>
David J. Waxse<br>
U.S. Magistrate Judge

cc: All counsel and *pro se* parties

---

[15] 18 U.S.C. § 3142(e).