## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 09-20005-08/12/24-KHV** |
| JAVIER DOZAL aka "GUERO," | ) | |
| MARCIELA NARANJO, and | ) | |
| FABIOLA URIBE aka "CHIVA," | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the government's <u>Motion To Review Release Orders [for Marciela Naranjo and Fabiola Uribe]</u> (Doc. #179) filed February 10, 2009 and Javier Dozal's <u>Motion For Pretrial Release</u> (Doc. #214) filed February 26, 2009. On March 2, 2009, the Court held a hearing on the motions. For reasons stated below, the Court finds that Dozal, Naranjo and Uribe should be detained pending trial.

### Procedural Background

On January 7, 2009, a grand jury charged five individuals with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846. <u>See Indictment</u> (Doc. #29). On January 28, 2009, a grand jury returned a superseding indictment which charged 20 additional individuals, including Javier Dozal, Marciela Naranjo and Fabiola Uribe, with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. <u>See Superseding Indictment</u> (Doc. #54). The superseding

indictment also charges Dozal and Naranjo with using a cellular telephone in committing, causing and facilitating the conspiracy in violation of 21 U.S.C. § 843(b).

After detention hearings, Magistrate Judge David J. Waxse ordered Naranjo and Uribe released on certain conditions pending trial, but ordered that Dozal be detained pending trial.  See Doc. ##148, 169, 172.

## Standard Of Review

The government may seek review of a magistrate judge's order of release.  See 18 U.S.C. § 3145(a)(1).  The district court reviews *de novo* a magistrate judge's order of release.  See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003); United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002).  The district court must make its own *de novo* determination of the facts and legal conclusion with no deference to the magistrate judge's findings.  See Lutz, 207 F. Supp.2d at 1251.  A *de novo* evidentiary hearing, however, is not required.  See id.  The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted.  United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991).  The Federal Rules of Evidence do not apply to detention hearings.  See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3).  The Court may allow the parties to present information by proffer or it may insist on direct testimony.  See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).  In making this determination, the Court must take into account

the available information concerning –

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more.  See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community).  The indictment charges defendants with conspiracy to distribute and possess with intent to distribute more than 500 grams of a mixture and substance containing methamphetamine.  The conspiracy count carries a minimum term of 10 years and a maximum term of life imprisonment, thereby triggering the rebuttable presumption for detention. See United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment

provides probable cause required by the statute to trigger the presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in the particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Id. "Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 837 F.2d 796, 798-99 (5th Cir. 1989) (footnote omitted)). The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. Id. at 1252.

## Analysis

Based on the parties' request, the Court incorporates the record of the proceedings conducted

by the magistrate judge.  At the detention hearing for Dozal, the government presented testimony by Drug Enforcement Task Force Officer Justin Branner.

**I.      Javier Dozal**

      A.      <u>Nature And Circumstances Of The Offense</u>

As noted, the conspiracy count carries a minimum term of 10 years, thereby triggering the rebuttable presumption for detention.

      B.      <u>Weight Of The Evidence</u>

At the detention hearing, Officer Branner testified that based on intercepts, officers identified Dozal as an associate of Secundino Arias-Garcia (also known as "Nino").  The intercepts also show that Dozal supplied methamphetamine to Nino, Naranjo and Jose Jimenez-Alvarez (also known as "Pelon"), all members of the alleged conspiracy.  On multiple occasions, officers observed Dozal and his brother deliver narcotics to Naranjo and others.  On July 3, 2008, based on an intercepted phone call between Dozal and Pelon and subsequent surveillance, officers determined that Dozal supplied methamphetamine for a drug transaction that day.  Finally, when officers arrested Nino, he told the officers that "Guero," an alias used by Dozal, was the largest ice distributor in the area.

Dozal argues that officers never found him with illegal drugs or contraband and that the evidence of phone conversations is not particularly strong.  At this point, strong circumstantial evidence suggests that Dozal participated in the conspiracy by supplying methamphetamine to at least three other members of the conspiracy.  This factor slightly favors detention.

      C.      <u>History And Characteristics Of Defendant</u>

Dozal is 28 years old.  He is a citizen of Mexico.  He is in the United States illegally, and Immigration and Customs Enforcement has lodged a detainer with the U.S. Marshals Service.

Dozal appears to have strong family ties to Kansas City, Kansas.  He is married and lives with his wife.  They have two children ages nine and one.  Dozal states that he moved to the area some eight years ago.  Defendant has two brothers who are in the custody of the Kansas Department of Corrections.  Defendant appears to have a stable employment history and has worked in the Kansas City area for over seven years.  Defendant's parents are in Mexico, but the record does not suggest that his relationship with them would lead him to flee from Kansas City where his wife and two children reside.

Defendant is a deportable alien.  This factor alone does not mandate detention, but it weighs heavily in the risk of flight analysis.  See United States v. Chavez-Rivas, 536 F. Supp.2d 962, 968-69 (E.D. Wisc. 2008); United States v. Adomako, 150 F. Supp.2d 1302, 1307 (M.D. Fla. 2001).  In addition, defendant faces a potential prison term of ten years to life.  In these circumstances, the Court finds that despite his family ties to Kansas City, Kansas, defendant presents a significant risk of flight.

        D.      Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community.  See 18 U.S.C. § 3142(b).  Although the government has not shown that defendant would pose a risk of physical danger to the community, the high risk that defendant will commit additional crimes involving drug distribution is sufficient to detain defendant.  See United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).  Based on evidence that Dozal was a supplier of methamphetamine to a large distribution network, the Court cannot predict that defendant would abandon his criminal activities.

-6-

E.      Conclusion

The Court concludes that no set of conditions of release will ensure that Dozal will appear on the charges.  The government has carried its burden of proving that pretrial detention of Dozal is warranted.

**II.     Marciela Naranjo**

A.      Nature And Circumstances Of The Offense

As noted, the drug conspiracy count triggers the rebuttable presumption for detention.

B.      Weight Of The Evidence

At the detention hearing, the government proffered evidence that Nino operated a drug distribution network in Kansas City.  When Nino went to Atlanta for several months in 2008, Naranjo, his ex-wife, was in charge of Nino's narcotics distribution network in Kansas City in addition to her own narcotics distribution network.  The DEA has recovered or seized approximately 10 pounds of crystal methamphetamine and estimates that members of the conspiracy distributed some 110 pounds of crystal methamphetamine.

This factor slightly favors detention.

C.      History And Characteristics Of Defendant

Naranjo is 34 years old.  She is a citizen of Mexico.  She is in the United States illegally, and Immigration and Customs Enforcement has lodged a detainer with the U.S. Marshals Service.

Defendant appears to have strong family ties to Kansas City, Kansas.  She is unmarried, but she lives with her two daughters, her mother, her two brothers and her boyfriend.  Naranjo has a relatively stable employment history and has worked in a restaurant in the Kansas City area for nearly three years.  Defendant's father is in Mexico.

Defendant is a deportable alien.  This factor alone does not mandate detention, but it weighs heavily in the risk of flight analysis.  See Chavez-Rivas, 536 F. Supp.2d at 968-69; Adomako, 150 F. Supp.2d at 1307.  In addition, defendant faces a potential prison term of ten years to life.  In these circumstances, the Court finds that despite her family ties to Kansas City, Kansas, defendant presents a significant risk of flight.

      D.       Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that she will not pose a danger to any other person or to the community.  See 18 U.S.C. § 3142(b).  Although the government has not shown that defendant would pose a risk of physical danger to the community, the high risk that defendant will commit additional crimes involving drug distribution is sufficient to detain her.  See Pina-Aboite, 97 Fed. Appx. at 836 (risk that defendant will continue to engage in drug trafficking constitutes danger to community).  Based on her prior conduct, the Court cannot predict that defendant would abandon her criminal activities.

      E.       Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will appear on the charges.  The government has carried its burden of proving that pretrial detention of Naranjo is warranted.

**III.    Fabiola Uribe**

      A.       Nature And Circumstances Of The Offense

As noted, the drug conspiracy count triggers the rebuttable presumption for detention.

      B.       Weight Of The Evidence

At the detention hearing, the government proffered evidence that Uribe was the source of

supply for the Kansas City operation of the conspiracy specifically including one transaction involving 24.6 grams of methamphetamine.   As noted, DEA estimates that members of the conspiracy distributed some 110 pounds of crystal methamphetamine.   The government also proffered evidence that Uribe had her own drug distribution network.   DEA agents observed Uribe use her residence several times to conduct drug transactions.   This factor slightly favors detention.

     C.       <u>History And Characteristics Of Defendant</u>

Uribe is 28 years old.   She is a citizen of Mexico.   She is in the United States illegally, and Immigration and Customs Enforcement has lodged a detainer with the U.S. Marshals Service.

Defendant appears to have strong family ties to Kansas City, Kansas.   She is not married. She has four children – three who live with her (ages 12, 9 and 4) in Kansas City, Kansas and one who lives in Mexico.   Uribe has resided in the Kansas City area for 15 years.   Uribe rents an apartment from her mother who resides in the same apartment complex.   Defendant has a relatively stable employment history and has worked in the Kansas City area since July of 2005.

Defendant is a deportable alien.   This factor alone does not mandate detention, but it weighs heavily in the risk of flight analysis.   <u>See</u> <u>Chavez-Rivas</u>, 536 F. Supp.2d at 968-69; <u>Adomako</u>, 150 F. Supp.2d at 1307.   Defendant faces a potential prison term of ten years to life.   In addition, on at least two occasions in 2008, defendant failed to appear for court appearances.   Defendant's past behavior suggests that she would be a high risk of flight if the Court were to release her on bond. <u>See</u> <u>Johnson</u>, 123 Fed. Appx. at 379 (affirming detention decision which found that defendant was flight risk because he failed to appear four times in three other court proceedings).   In these circumstances, the Court finds that despite her family ties to Kansas City, Kansas, defendant presents a significant risk of flight.

-9-

D.      Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that she will not pose a danger to any other person or to the community.  See 18 U.S.C. § 3142(b).  Although the government has not shown that defendant would pose a risk of physical danger to the community, the high risk that defendant will commit additional crimes involving drug distribution is sufficient to detain her.  See Pina-Aboite, 97 Fed. Appx. at 836 (risk that defendant will continue to engage in drug trafficking constitutes danger to community).

E.      Conclusion

Based upon the evidence proffered at the hearing, the Court concludes that no set of conditions of release will ensure that defendant will appear on the charges.  The government has carried its burden of proving that pretrial detention of Uribe is warranted.

**IT IS THEREFORE ORDERED** that the government's Motion To Review Release Orders (Doc. #179) filed February 10, 2009 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Fabiola Uribe's Motion For Pretrial Release (Doc. #214) filed February 26, 2009 be and hereby is **OVERRULED**.

Defendants Javier Dozal, Marciela Naranjo and Fabiola Uribe shall remain detained pending trial.

Dated this 27th day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge