**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>                                                       )<br>                          Plaintiff,     )<br>v.                                                  )<br>                                                       )<br>JESUS MUNOZ,                            )<br>                                                       )<br>                          Defendant.  )<br>_____)  | CRIMINAL ACTION<br><br>No. 09-20005-23-KHV |

**MEMORANDUM AND ORDER**

On January 7, 2009, a grand jury charged five individuals with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii) and 846. See Indictment (Doc. #29). On January 28, 2009, a grand jury returned a superseding indictment which charged 20 additional individuals, including Jesus Munoz, with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. See Superseding Indictment (Doc. #54). The superseding indictment also charges Munoz with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). This matter is before the Court on the Motion In Limine To Exclude Testimony Of Dep. Justin Branner In Light Of Principles And Requirements Of F.R.E. 702, With Suggestions (Doc. #398) filed October 23, 2009 as to Jesus Munoz.[1] On January 25, 2010, the Court held a hearing on the motion. For reasons stated below, the Court sustains defendant's motion in part.

---

[1] Sergio Hernandez-Mosqueda originally filed the motion in limine, but he later withdrew it and pled guilty. Jesus Munoz and Carlos Dozal-Alvarez joined the motion in limine. Dozal-Alvarez later pled guilty. Accordingly, this order relates only to Jesus Munoz.

**Factual Background**

Justin Branner is a Master Deputy with the Sheriff's Department in Johnson County, Kansas. He has some ten years experience in law enforcement. He has conducted hundreds of narcotics investigations including acting in an undercover capacity in more than 50 drug transactions. From March of 2006 through March of 2009, Officer Branner was assigned to a DEA Task Force for narcotics investigations. Officer Branner is the case agent in this matter.

Officer Branner is familiar with how narcotics (including methamphetamine, marijuana, cocaine and heroin) are customarily transported, stored and distributed in the Kansas City area. He also knows the approximate wholesale and street prices for various drugs in the Kansas City area. Officer Branner is familiar with various counter-surveillance methods used by drug traffickers including the use of coded language to refer to police, money, different drugs or the quantities of those drugs.

**Analysis**

**I.     Branner's Qualifications As Expert**

Defendant argues that the Court should exclude the testimony of Officer Branner. In particular, defendant argues that because all of the conversations on phone calls in this case were in Spanish, Officer Branner would need multinational experience in drug trafficking investigations and be fluent in Spanish to interpret the various slang phrases. Officer Branner concedes that he cannot immediately ascertain the meaning of all slang phrases or coded language, but he notes that based on his experience, he often can do so through various investigative techniques. Under Rule 702, Fed. R. Evid., expert testimony is permitted "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." The Tenth Circuit has repeatedly held that in narcotics cases, expert testimony can assist the jury in understanding transactions and

terminology.  See United States v. Quintana, 70 F.3d 1167, 1171 (10th Cir. 1995); United States v. Garcia, 994 F.2d 1499 (10th Cir. 1993); United States v. Sturmoski, 971 F.2d 452, 459 (10th Cir. 1992); United States v. McDonald, 933 F.2d 1519, 1522-23 (10th Cir.), cert. denied, 502 U.S. 897 (1991).  Based on the testimony at the hearing on January 25, 2010 and for reasons stated on the record at that hearing, the Court finds that Officer Branner's testimony would help the jury understand the various transactions and counter-surveillance techniques including the use of coded language to refer to money or the type and amount of narcotics.

## II.  Cautionary Instruction

The government and defendant agree that the Court and the government should take precautions to ensure that the jury understands when Officer Branner is expressing an opinion as an expert and when he is relying on personal knowledge.  The government has noted that it intends to structure its direct examination of Officer Branner so the jury understands what is fact testimony and what is opinion testimony.  Moreover, the Court intends to instruct the jury on this issue.[2]  The Court sustains defendant's motion in this limited regard.

**IT IS THEREFORE ORDERED** that the Motion In Limine To Exclude Testimony Of Dep. Justin Branner In Light Of Principles And Requirements Of F.R.E. 702, With Suggestions (Doc. #398) filed October 23, 2009 as to Jesus Munoz (23) be and hereby is **SUSTAINED in part.**  The Court sustains defendant's motion to the extent he seeks a cautionary instruction as to the testimony of Master Deputy Justin Branner acting as both a fact witness and an expert witness.  Defendant's motion is otherwise overruled.

---

[2] The parties should consult on this issue and submit a proposed instruction on the issue.

Dated this 2nd day of February, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge