IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | **CRIMINAL ACTION** |
| Plaintiff, | ) | No. 09-20005-03-KHV |
| | ) | |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| HECTOR EDUARDO GARCIA-GALLARDO, | ) | No. 10-2467-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On September 13, 2010, the Court ordered defendant to show cause in writing by October 1, 2010 why the Court should not strike his <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody</u> (Doc. #918) filed August 23, 2010, for violation of Rule 11 of the Federal Rules of Civil Procedure.[1] See <u>Amended Order To Show Cause</u> (Doc. #931). Defendant has not responded. For reasons stated in the <u>Amended Order To Show Cause</u> (Doc. #931), the Court overrules without prejudice defendant's Section 2255 motion.[2] As explained in the

---

[1] Rule 11(a), Fed. R. Civ. P., requires that a written motion be signed "by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Here, based on the date of the signature, defendant's place of confinement, the date the motion was filed and the mailing address, the Court questioned whether defendant actually signed the motion. <u>Order To Show Cause</u> (Doc. #314) at 1.

[2] On September 13, 2010, the Court also ordered that Robin S. Martin could file a brief which shows cause why the Court should not refer this matter for potential investigation by the Chief Trial Counsel for the State Bar of California. See <u>Amended Order To Show Cause</u> (Doc. #931) at 2. Martin did not file a response. In <u>United States v. Dozal</u>, D. Kan. No. 09-20005-08, the defendant attached a letter from Robin S. Martin to his response to the Court's order to show cause. See <u>Movant's Response To Court's September 22, 2010 Order</u> (Doc. #942 in No. 09-20005-08). The letter instructs Dozal to sign and date the document and mail it to the Clerk for filing. See <u>id.</u> An attorney who "ghost writes" a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court. <u>Patton v. West</u>, 276 Fed. Appx. 756, 757 (10th Cir. 2008). Based on the letter from Martin in <u>Dozal</u>, the appearance of the
(continued...)

order to show cause, because defendant did not file a direct appeal, his conviction became final on August 4, 2010 (14 days after the Court entered judgment). See Fed. R. App. P. 4(b)(1)(A), 4(b)(6) and 26(a)(2). If defendant wants to re-file his motion, he should note the one-year period of limitations set forth in 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #918) filed August 23, 2010 be and hereby is **OVERRULED without prejudice.**

**The Clerk is directed to mail a copy of this order by certified mail, return receipt requested, to Robin S. Martin, 1443 E. Washington Blvd. #126, Pasadena, CA 91104 and to the State Bar of California, Chief Trial Counsel, 1149 South Hill Street, 10th Floor, Los Angeles, CA 90015-2299.**

Dated this 18th day of November, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2](...continued)
multiple Section 2255 motions recently filed in various cases, see United States v. Mata Soto, No. 08-20160-01-KHV, United States v. Perea, No. 08-20160-08, Dozal, supra, and United States v. Chavez-Cadenas, D. Kan. No. 09-20005-10-KHV, and the web site reference that the address on the various motions is associated with "Lawyer Robin S. Martin," the Court refers this matter for investigation by the Chief Trial Counsel for the State Bar of California.